# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JERRELL HARPER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Nos.: 1:10-CR-079-HSM-WBC-1 |
| | )       1:17-CV-120-HSM |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MEMORANDUM & OPINION

This is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 37[1]]. Respondent has filed a response in opposition thereto [Doc. 41]. For the reasons set forth below, the Court finds that Petitioner's § 2255 motion [Doc. 37] is without merit and it will be **DENIED**.

### I.   BACKGROUND

On August 30, 2010, Petitioner pleaded guilty to knowing possession of a firearm and ammunition in or affecting commerce after a previous conviction for a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g) [Doc. 19 p. 1; Doc. 17; Doc. 28 p. 1]. Accordingly, on February 3, 2011, the Court sentenced Petitioner to seventy months' imprisonment and a three-year term of supervised release, among other things [Doc. 28 p. 3].

Petitioner's three-year term of supervised release term began on February 9, 2015 [Doc. 30 p. 1]. On January 13, 2017, however, Petitioner's probation officer filed a petition for a warrant

---

[1] All citations to the record are to the criminal case.

for Petitioner in which he asserted that Petitioner had repeatedly violated the conditions of his supervised release [*Id.* at 1–7]. On March 2, 2017, the Court's arrest warrant for Petitioner was returned executed [Doc. 36]. On March 3, 2017, Petitioner and Respondent entered an agreed order and judgment in which Petitioner agreed that he had violated the conditions of his supervised release and the parties agreed that seven months' imprisonment and an additional one-year term of supervised release was therefore appropriate [Doc. 34 p. 1].

On May 8, 2017, Petitioner filed the instant § 2255 motion in which he alleges that counsel was ineffective for failing to object to the second term of supervised release in the agreed order and judgment and that the second term of supervised release resulted in an illegal judgment [Doc. 37 p. 3, 6].

## II. STANDARD OF REVIEW

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

A § 2255 motion must set forth facts which entitle the petitioner to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961) (providing that "conclusions, not supported by allegations of fact with some probability of verity, are not sufficient to warrant a hearing"). Further, a § 2255 petitioner has the burden of proving

that he is entitled to relief under § 2255 by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. ANALYSIS

As set forth above, Petitioner asserts that counsel was ineffective for not objecting to the second term of supervised release and that this second term of supervised release renders his sentence illegal, as it amounts to double jeopardy under Justice Scalia's dissent in *Johnson v. United States*, 529 U.S. 694 (2000) (Scalia, J., dissenting) (providing that "there is no authorization for a new term of supervised release to replace the old one that has been revoked, additional supervised release is unavailable"). As Respondent correctly points out, however, the majority opinion in *Johnson* held that nothing in the statutory provisions at issue in that case suggests that courts may not "order terms of supervised release following imprisonment." *Id.* at 712–13. This is the controlling law in this Court. Accordingly, Petitioner cannot establish that counsel was ineffective for not objecting to the second term of supervised release, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth a two-pronged test for evaluating claims for ineffective assistance of counsel under which a petitioner must establish both that counsel was deficient and that counsel's deficient performance prejudiced the defense).

Respondent also correctly points out that Petitioner could have, but did not, raise his substantive claim alleging that his second term of supervised release was improper on appeal. Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Petitioner has not set forth anything to excuse his

procedural default of this claim. Further, this claim is without merit for the same reasons that Petitioner's claim for ineffective assistance of counsel is without merit. Accordingly, Petitioner is not entitled to relief under § 2255 for this claim.

As such, Petitioner is not entitled to relief under § 2255.

## IV. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 37] will be **DENIED**. Thus, under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Accordingly, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENET ORDER WILL ISSUE.**

**E N T E R :**

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE